[Civ. No. 9579.   Third Dist.   May 5, 1959.]

ROBERT PERRY, Respondent, v. PERCY CASSIDY et al., Defendants; MILDRED CASSIDY, Appellant.

John O. Fugazi for Appellant.

Edmund J. Dunning for Respondent.

SCHOTTKY, J.—Mildred Cassidy appeals from a judgment finding her liable on a contract of guaranty.

On January 7, 1957, Percy Cassidy, the husband of appellant Mildred Cassidy, borrowed $15,000 from the Central Valley National Bank. Cassidy executed a note in favor of the bank for the sum due. This note was payable on demand, or if no demand, then on March 7, 1957. The funds received were deposited to a commercial account in the name of Percy Cassidy or Mildred Cassidy. On March 11, 1957, the bank manager told Percy Cassidy that the note would have to be paid or a substantial reduction made on it. Percy Cassidy then suggested that the bank make another loan to Percy on an automobile he owned. The bank manager agreed if Mrs. Cassidy would execute a continuing guaranty in the sum of $15,000. Percy Cassidy secured appellant's signature on the guaranty and returned it to the bank. The loan was made on the auto-

mobile in the amount of $1,500 and the proceeds applied on the $15,000 note. Thereafter the auto loan was paid, and the $15,000 note was assigned to plaintiff Perry who brought this action against the Cassidys to recover the balance due on the note. A judgment in Perry's favor was rendered against the Cassidys. Only Mildred Cassidy has appealed.

██ Appellant's sole contention upon this appeal is that the court erred in finding that the contract of guaranty executed by her was supported by a good and sufficient consideration.

In the instant case by the terms of the "Continuing Guaranty" it is expressly stated that said contract was executed for a valuable consideration and by its terms sets forth that the "... Guarantors ... unconditionally guarantee and promise to pay to CENTRAL VALLEY NATIONAL BANK [plaintiff's assignor], ... any and all indebtedness of Percy Cassidy ..." and by the terms of said contract it is specifically set forth that the indebtedness referred to in the guaranty "... includes any and all advances, debts, obligations and liabilities of the Borrowers or any one or more of them, heretofore, now, or hereafter made, incurred or created ..."

Here the bank told Percy Cassidy it would lend him money on his automobile if he would obtain a contract of guaranty from Mrs. Cassidy. When the contract of guaranty was presented to the bank, the loan was made. The bank delayed further action to enforce the payment of Percy Cassidy's note for a period of four months. By making the loan the bank suffered detriment. By its terms the guaranty extended to loans heretofore, now or hereafter made. The loan would be consideration for the contract of guaranty, and the consideration would extend to the prior loan.

A case very closely in point is *Bank of America* v. *Granger,* 115 Cal.App. 210 [1 P.2d 479], in which the court said:

" '. . . [T]he undersigned hereby guarantees the payment in United States gold coin to said bank of any and all sums of money which the said bank may have heretofore or may hereafter advance or loan to said corporation . . .' [P. 213.]

. . . . . . . . . . . . . . .

". . . The same defendant contends that the guaranties did not cover loans that had been made prior to the execution of the guaranties. By the express language contained in those documents they did. By delaying its hand in enforcing the collection of the prior loan the bank suffered a prejudice which constituted a good consideration for the guaranties. (Civ. Code, § 1606.) . . . [P. 219.]

. . . . . . . . . . . . . . .

". . . But a written guaranty imports a consideration and the record does not show that there was none. . . ." (P. 219.)

Appellant argues that there was no agreement to forbear from suing on the old note and therefore no consideration for the contract of guaranty. However, appellant overlooks section 1606 of the Civil Code which reads:

"An existing legal obligation resting upon the promisor, or a moral obligation originating in some benefit conferred upon the promisor, or prejudice suffered by the promisee, is also a good consideration for a promise, to an extent corresponding with the extent of the obligation, but no further or otherwise."

We are convinced that the finding of the trial court "[t]hat said Continuing Contract of Guaranty, executed by the Defendant Mildred Cassidy was at the date of execution supported by a good and sufficient consideration from the Plaintiff's Assignor, Central Valley National Bank, to the Defendant Mildred Cassidy," is amply supported by the record and the law.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.